UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SOILEAU & ASSOCIATES, LLC, through and by its members, ISAAC H. SOILEAU, JR. and KAREN S. KOVACH, also appearing herein individually and on behalf of K.S., a minor child,** | * * * * | **CIVIL ACTION NO. 18-7613** |
| | * | **SECTION "   "** |
| **Plaintiffs** | * | |
| **VERSUS** | * | |
| **LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, D/B/A BLUE CROSS AND BLUE SHIELD OF LOUISIANA and NEW DIRECTIONS BEHAVIORAL HEALTH, LLC,** | * * * * | **JUDGE** _____ |
| **Defendants** | * | |
| | * | **MAGISTRATE** _____ |

**NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel, comes Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana, ("BCBSLA") and files this Notice of Removal of this case from the Civil District Court for Orleans Parish, State of Louisiana, in which it is now pending, to the United States District Court, Eastern District of Louisiana.  In support of this Notice of Removal, Defendant BCBSLA states:

1.

A Petition for Damages ("Petition") commencing this civil action against Defendants BCBSLA and New Directions Behavioral Health, LLC ("New Directions"), entitled "*Soileau & Associates, LLC, through and by its members, Isaac H. Soileau, Jr.,*

*and Karen S. Kovach, also appearing herein individually and on behalf of K.S., a minor child v. Louisiana Health Service & Indemnity Company d/b/a Blue Cross Blue Shield of Louisiana and New Directions Behavioral Health,"* was filed on July 17, 2018 in the Civil District Court for Orleans Parish, State of Louisiana, bearing Case Number 2018-6984, Division "N-8."  Defendant BCBSLA was served with a copy of the Petition on August 2, 2018.

2.

Previously, on December 22, 2017, Plaintiffs filed a similar Petition for Damages commencing a civil action against Defendant BCBSLA, entitled *"Soileau & Associates, LLC, through and by its members, Isaac H. Soileau, Jr., and Karen S. Kovach, also appearing herein individually and on behalf of K.S., a minor child v. Louisiana Health Service & Indemnity Company d/b/a Blue Cross Blue Shield of Louisiana,"* in the Civil District Court for Orleans Parish, State of Louisiana, bearing Case Number 2017-12318, Division "C."  On January 22, 2018, BCBSLA filed a Notice of Removal with this Court with regard to the first action filed by Plaintiffs.[1]  Plaintiffs' Motion to Remand was filed on February 22, 2018 and is still pending.[2]

3.

Both actions involve the same subject matter and operative facts.[3]

4.

Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings, processes, and orders that have been served on Defendant are attached hereto as Exhibit "A."

---

[1] Rec. Doc. 1, Case No. 18-cv-00710.
[2] Rec. Doc. 7, Case No. 18-cv-00710.
[3] LR 3.1; LR 3.1.1.

5.

This Notice of Removal is filed by Defendant BCBSLA within 30 days of service of the Petition, as required by 28 U.S.C. § 1446(b).

6.

All served Defendants consent in this Removal. Defendant New Directions' Consent to Removal is attached hereto as Exhibit B.

7.

Plaintiffs allege a claim for health benefits under the employee health benefit plan of Soileau & Associates, LLC ("the Plan") provided to employees of Soileau & Associates, LLC and insured through BCBSLA.

8.

The Plan is an employee welfare benefit plan within the meaning of § 3(1), 29 U.S.C. § 1002(1), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Under the Fifth Circuit's jurisprudence, a particular insurance arrangement qualifies as an employee welfare benefit plan under ERISA if: (1) it is a "plan" (*see Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir.1993) ("A 'plan' exists if 'a reasonable person' could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits."); (2) it does not fall within the safe harbor provision established by the Department of Labor (*see* 29 C.F.R. § 2510.3-1(j)); and (3) it was established or maintained by an employer with the intent to benefit employees. *See Lain v. UNUM Life Ins. Co.,* 27 F.Supp.2d 926, 930 (S.D. Tex.1998), *aff'd,* 279 F.3d 337 (5th Cir.2002).

9.

Contrary to Plaintiffs' allegation that the Plan "is not an ERISA-qualified policy",[4] the Plan in this matter qualifies as an employee welfare benefit plan under ERISA. Upon information and belief, at all pertinent times, a reasonable person could readily determine the intended benefits of the Plan and that the beneficiaries of the Plan were Mr. Soileau, Ms. Kovach, their family, including their minor child, K.S., and the employees of Soileau & Associates, LLC. Further, the Plan does not fall within the "safe harbor" provision established by the Department of Labor; among other reasons, the Plan insures non-family employees and the premiums for the group coverage under the Plan were billed to and paid by the employer, Soileau & Associates, LLC. Finally, the Plan was established and maintained by Soileau & Associates, LLC for the benefit of its employees.

10.

Plaintiffs' claim for benefits arises under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), and is completely preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549 (1987); *Aetna Health Inc. v. Davila,* 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004).

11.

Plaintiffs' claims are necessarily federal, and therefore removable under the "complete preemption" doctrine. *See Pilot Life Ins. Co.,* 481 U.S. at 45, 55-57, 107 S.Ct. at 1552, 1557-58; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-67, 107 S.Ct. 1542, 1546-48 (1987); *Aetna Health Inc., supra.*

---

[4] *See* Petition, ¶ 2.

12.

The district courts of the United States have original jurisdiction over claims brought under ERISA.  *See* ERISA § 502(e), 29 U.S.C. § 1132(e), and § 1331.

13.

Because this action arises under the Court's federal question jurisdiction (*see Metropolitan Life Ins. Co., supra*), this action is properly removable from the Civil District Court for Orleans Parish, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. §§ 1441(a) and (c) and 1446.

14.

This notice is executed pursuant to Fed. R. Civ. P. 11.

15.

The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the Civil District Court for Orleans Parish where the Petition was originally filed.  Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a).

16.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of the Notice of Removal will be served promptly on all parties and will be filed with the Clerk of Court for the Civil District Court for Orleans Parish.

17.

Defendant BCBSLA expressly reserves any and all rights with respect to this proceeding including, but not limited to, all objections, defenses, and exceptions.

**WHEREFORE**, Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana, prays that this action be deemed good and sufficient and proceed in this Court as an action properly removed hereto from the Civil District Court for Orleans Parish.

Respectfully submitted:

By: */s/ Jessica W. Chapman*
　　Allison N. Pham (LA Bar No. 29369)
　　Charles A. O'Brien, III (LA Bar No. 10143)
　　Jessica W. Chapman (LA Bar No. 31097)
　　5525 Reitz Avenue (70809)
　　Post Office Box 98029
　　Baton Rouge, Louisiana 70898-9029
　　Telephone: (225) 295-2454
　　Facsimile: (225) 297-2760
　　Andy.O'Brien@bcbsla.com
　　Allison.Pham@bcbsla.com
　　Jessica.Chapman@bcbsla.com

*Attorneys for Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing **NOTICE OF REMOVAL** has been served on all counsel of record by email as follows:

Isaac H. Soileau, Jr.
ihs.soileaulegal@gmail.com

Karen S. Kovach
kskovach@aol.com

Ryan A. Jurkovic
rjurkovic@soileaulegal.com

James E. Cazalot, Jr.
jim@cazalotlaw.com

David Bienvenu
davidb@spsr-law.com

Baton Rouge, Louisiana, this 10th day of August, 2018.

                                      */s/ Jessica W. Chapman*
                                       Jessica W. Chapman